AO 245B (Rev. 09/19)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Pennsylvania

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| BRANDON JENNINGS | ) | Case Number: 2:22-cr-00038-JFC-1 |
| | ) | USM Number: 86685-509 |
| | ) | Linda E. J. Cohn, AFPD |
| | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) | Possession of material depicting the sexual exploitation of a minor. | 7/31/2021 | 1 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)                   ☐ is    ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

9/18/2025
Date of Imposition of Judgment

Signature of Judge

Hon. Joy Flowers Conti, Senior U.S. District Judge
Name and Title of Judge

9/18/2025
Date

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

46 months at Count 1.

☑ The court makes the following recommendations to the Bureau of Prisons:
- that the defendant be incarcerated at a facility that provides sex-offense treatment and close to Pittsburgh, Pennsylvania for family considerations, such as FCI Elkton;
- that the defendant receive vocational training in the fields of electrical or welding or construction-related fields; and
- that the defendant receive educational programming to obtain a driver's license.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☒ no earlier than    11/3/2025    .

☐ as notified by the United States Marshal.

☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

15 years at Count 1.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☑ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☑ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3A — Supervised Release

Judgment—Page __4__ of __9__

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
                       Sheet 3B — Supervised Release

Judgment—Page 5 of 9

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

## ADDITIONAL SUPERVISED RELEASE TERMS

14. The defendant must not own, or otherwise interact, with the victims, either directly or through someone else, without first obtaining the permission of the probation officer.

15. The defendant must not have direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without the permission of the probation officer. If the defendant has any direct contact with any child the defendant knows or reasonably should know to be under the age of 18, without the permission of the probation officer, the defendant must report this contact to the probation officer within 24 hours. Direct contact includes written communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

16. The defendant must not photograph and/or videotape any children under the age of 18 without the written consent of the child's parent or legal guardian who is aware of the nature of the defendant 's history, characteristics and/or convictions (s) and has been approved by the probation officer.

17. The defendant is permitted use of standard computer device(s) (desktop/laptop computers, smart phones/tablets) with internet access and will permit the U.S. Probation/Pretrial Services Office (USPPSO) to configure, manage, and install monitoring software on all the defendant's approved standard computer devices. The defendant's standard computer device(s) are limited to those that can be configured, managed, and monitored by the USPPSO. The configuration, management, and monitoring of the defendant's standard computer devices shall be specific to the defendant's Court-ordered conditions, risk and needs, and cybercrime management requirements. The defendant is responsible for all computer monitoring and/or management costs for the defendant's approved computer devices, based upon the defendant's ability to pay.

18. The defendant may access publicly accessible computer devices for legitimate transactional purposes (such as ATMs, kiosks, and point of sale terminals). With the awareness and approval of the probation officer, the defendant may also use specialized computer devices outside the defendant's residence (i.e., employment agency, work search, and employers' computer devices) but only for their intended use.

19. The defendant may be limited to two standard computer devices (desktop/laptop computer, smart phones/tablets), unless otherwise approved by the probation officer.

20. The defendant is responsible for all computer monitoring and/or management costs for the defendant's approved computer devices, based upon the defendant's ability to pay.

21. The defendant must allow the U.S. Probation/Pretrial Services Office to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by the defendant. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, settings, configurations that would be problematic for monitoring software (if ordered) and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional (if ordered), that required configurations are unaltered, and that no circumvention efforts have been made to alter the device's operation(s) or functionality.

22. The defendant must not go to, or remain at, a place for the primary purpose of observing or contacting children under the age of 18.

23. The defendant must participate in a sex offense-specific assessment. The defendant must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon the defendant's ability to pay. The probation office may provide a copy of the presentence investigation report to the professional conducting the sex offense-specific assessment, if so requested.

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

24. The defendant must participate in a sex offense-specific treatment program and follow the rules and regulations of that program. The probation officer will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.). The defendant must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon the defendant's ability to pay. The probation office may provide a copy of the pre-sentence investigation report to the sex-offense treatment program provider, if so requested.

25. The defendant must submit to periodic polygraph testing at the discretion of the probation officer as a means to ensure that the defendant is in compliance with the requirements of the defendant's supervision or treatment program. The defendant must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon the defendant's ability to pay.

26. The defendant must not possess or access with intent to view any materials, including pictures, photographs, books, writings drawings, videos, or video games depicting and/or describing child pornography as defined at 18 U.S.C. § 2256 (8), or obscene visual representations of the sexual abuse of children as defined at 18 U.S.C. § 1466A.

27. The defendant must not view or possess any "visual depiction" (as defined in 18 U.S.C. § 2256) of any children under the age of 18, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of "sexually explicit conduct" (as defined in 18 U.S.C. § 2256).

28. The defendant must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to have contact with anyone under the age of 18 without the prior approval of the probation officer.

29. The defendant must submit the defendant's person; property; house; residence; vehicle; papers; computer devices, other electronic communications, network or cloud storage, data storage devices or media; or office, to a search conducted by a United States probation officer. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.

30. The defendant must permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

31. The defendant must undergo a mental health evaluation and follow the recommendations of that evaluation, including any recommendation that the defendant participate in an inpatient and/or outpatient mental health treatment program. The defendant must follow the rules and regulations of the treatment program until satisfactorily discharged from the treatment program by the treatment provider and the defendant's discharge from the treatment program is approved by the United States Probation Office. The probation officer will supervise the defendant's participation in any recommended treatment program, including, among other things, determining the provider, location, modality, duration, and intensity of the treatment program. The defendant must contribute to the costs of services in an amount determined by the Probation Office and approved by the Court. These costs shall not exceed the actual cost of the service and will be based upon the defendant's ability to pay. The probation office is authorized to provide a copy of the presentence investigation report to the mental health evaluator and mental health treatment provider, if so requested.

32. The defendant must take all mental health medications that are prescribed by the defendant's treating physician. The defendant must pay the costs of the medication.

33. The defendant must provide the Probation Office with access to any requested financial information and authorize the release of any financial information including, but not limited to, copies of all federal and state income tax returns while restitution or other court ordered financial obligations are outstanding. The probation office may share financial information with the U.S. Attorney's Office.

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

## SPECIAL CONDITIONS OF SUPERVISION

34. If restitution is paid in full, the defendant must not incur new credit charges, or open additional lines of credit, to include the leasing of any vehicle or other property, without the approval of the probation officer while restitution or other court ordered financial obligations are outstanding.

35. The defendant must pay restitution that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release in monthly installments, not less than 10 percent of he defendant's gross monthly earnings. The first payment is due within 30 days from the defendant's release from the custody of the Bureau of Prisons.

36. As required by 18 U.S.C. §§ 3563(a)(8) and 3583(d), and the Sex Offender Registration and Notification Act (SORNA, 34 U.S.C. § 20901 et seq.) the defendant shall report the address where he will reside and any subsequent change of address to the probation officer responsible for defendant's supervision, and further shall register as a convicted sex offender in any state in which he resides, is employed, carries on a vocation, or is a student.

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
     Sheet 5 — Criminal Monetary Penalties

Judgment — Page  8  of  9

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ | $ | $ |

☑ The determination of restitution is deferred until  12/10/2025 . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

 If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

 ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

 ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRANDON JENNINGS
CASE NUMBER: 2:22-cr-00038-JFC-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 due immediately, balance due

   ☐ not later than _____, or
   ☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
   The defendant shall pay to the United States a special assessment of $100.00, which shall be paid to the United States District Court Clerk forthwith.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>(including defendant number) | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
|   |   |   |   |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
One Lenovo Ideapad FLEX 4-1470 laptop computer, bearing serial number HP196470.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.